## Jacob W. Robinson *vs.* Fitchburg and Worcester Railroad Company.

In an action against a railroad corporation to recover damages for an injury occasioned by their locomotive engine to a man delivering wood by the side of their track, the plaintiff, after having introduced evidence tending to show that there was at the time of the accident a travelled crossing at that place, was not allowed to show that such a crossing was there before the railroad was made, and also at the time of the trial. *Held,* that the exclusion of this evidence was no ground of exception.

In an action against a railroad corporation to recover damages sustained by the negligent management of their locomotive engine, evidence of specific acts of negligence of the engineer on other occasions, previous and subsequent, is inadmissible.

In an action against a railroad corporation for an injury occasioned by their locomotive engine to a man delivering wood from a wagon by the side of their track, a witness cannot be asked to state his opinion on the question whether the only mode of approach by a wagon to the place of delivery was by way of the track.

Exclusion of evidence at one stage of a trial is no ground of exception if it is subsequently admitted.

In an action against a railroad corporation for damages sustained by the negligence of their engineer, his statements as to the accident, made a few days afterwards, are inadmissible in evidence against the corporation.

In an action against a railroad corporation for damages sustained by the negligence of an engineer, who is alleged by the plaintiff to have been employed by the defendants at low wages because of his want of skill, the defendants may prove by their president that he employed him as a competent and safe engineer.

In an action against a railroad corporation for damages, the statements of their president to the plaintiff, after the act complained of, that he thought the defendants would give him something, or pay him something, are inadmissible in evidence against the corporation.

A letter, addressed to a railroad corporation, claiming damages of them, and read at the meeting of their stockholders, who thereupon vote to lay it on the table, is inadmissible in evidence against the corporation.

Exceptions by the plaintiff to rulings upon questions of the amount of damages cannot be sustained after a general verdict for the defendant.

In an action against a railroad corporation for an injury occasioned by their locomotive engine, the burden of proof is upon the plaintiff to show want of due care on the part of the defendants, as well as ordinary care in himself.

Action of tort to recover damages for injuries sustained by the plaintiff from a locomotive engine of the defendants while he was delivering wood from a team by the side of their railroad track.

At the trial in the court of common pleas, before *Sanger,* J., the plaintiff, in order to show want of care on the part of the

defendants, in not ringing their bell, or giving some signal of the approach of the train to the place where the plaintiff was engaged in delivering wood at the time of the injury, introduced evidence tending to show that there was a farm crossing, or travelled place, at that point; and, as tending to prove that fact, offered evidence that there had been such a crossing there previously to the construction of the railroad. This evidence was excluded by the court.

The plaintiff then offered to show that there was a crossing there at the time of the trial, as tending to show its existence at the time of the injury. But this evidence was also excluded.

The plaintiff called the conductor of the train by which he was injured, and, in order to show that the engineer of the train was not a careful, skilful and proper person to run the train, asked the conductor, (who, it appeared, had known the engineer for several months,) whether he knew of any specific instances of want of care in the engineer in his business of running trains, within three months of the injury, before or after. But the court excluded the question.

The plaintiff, in order to show that he was in the use of ordinary care at the time of the accident, asked a witness, whether the only mode of approach by a team to the place of delivering the wood was by way of the track. This was objected to and excluded, on the ground that it was a question for the jury to decide, upon the whole evidence relating to the locality.

Evidence of certain admissions by the president of the corporation was offered by the plaintiff and excluded by the court; but, at a subsequent stage of the trial, allowed to be put in.

Evidence of certain statements concerning the accident, made by the engineer of the train to the plaintiff within ten days after it, was offered by the plaintiff, but excluded by the court.

Evidence that the president of the corporation had stated to the plaintiff that he thought the defendants would give him something, or pay him something, was offered, as tending to show a recognition of their liability by the defendants; but it was excluded.

The plaintiff having contended that the defendants employed

the engineer of the train at low wages because of his want of skill, the defendants were allowed, against the objection of the plaintiff, to ask the president of the corporation this question, ' How did you employ him as engineer; as what kind of engineer ? " and the answer was, " I employed him as a competent engineer, with skill enough to make him a safe man to run an engine."

It appeared that some months after the accident a letter was addressed by the plaintiff to the defendants, which was read to the stockholders at their annual meeting by the president, and was by him produced, on notice, at the trial. But it was proved, without objection, that upon the reading of the letter at the meeting a vote was passed to lay it on the table ; and the court ruled the letter incompetent.

The plaintiff offered to show, as part of his damages, that the injury rendered him unable to do the labor required by his business, and so broke up his business. But the court excluded the evidence.

The plaintiff requested the court to instruct the jury that if they were satisfied that the plaintiff, while lawfully on the track of the railroad and in the exercise of ordinary care, was struck and injured by the defendants' cars or engine, the burden of proof would then shift upon the defendants to show that they were using ordinary care at the time. But the court refused so to rule, and instructed the jury that the burden of proof was upon the plaintiff to show affirmatively that while he was lawfully on the track and in the use of ordinary care he was injured by the defendants, and that they were not in the use of ordinary care.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions to the foregoing rulings and instructions, and to many other rulings rejecting evidence offered by the plaintiff, which was either immaterial, or offered in rebutter of the defendants' evidence upon points to which the plaintiff's witnesses had previously testified.

*C. T. Russell*, for the plaintiff.

*B. F. Butler*, for the defendants.

BIGELOW, J.   Upon consideration of the several exceptions insisted on by the plaintiff at the bar of this court, we see no sufficient ground for disturbing the verdict rendered in favor of the defendants in the court below.

1. Evidence of the existence of a private crossing at the place of the accident, prior to the construction of the railroad, and also subsequently to the time of the injury to the plaintiff, seems to have been excluded on the ground of its irrelevancy.   The precise question at issue was the state and condition of the place at the time when the collision took place, and whether there was then a crossing in use over the track of the railroad, which would require a greater degree of caution in the exercise of due care by the servants of the defendants, than at other places on their road, where no crossing existed.   This the plaintiff was allowed very fully to show.   Now, without deciding that proof of a certain state of facts or condition of things, prior and subsequently to a particular occurrence, would not be admissible and competent as leading to a just inference of their existence at the time when the occurrence took place, it seems to us that, in the present case, there is nothing in the bill of exceptions, which shows that the evidence excluded was so material and relevant to the subject matter which the plaintiff sought to establish, as to render its rejection a valid ground of exception.   Many questions relating to the materiality and relevancy of proof to the issue on trial necessarily address themselves very much to the sound discretion of the presiding judge.   He only can best determine whether evidence is collateral or unimportant; having before him all the facts in proof.   A court of error will not therefore revise his decision upon such questions, except in cases where manifest mistake is shown.   *Parmenter* v. *Coburn*, 6 Gray, 510.

2. Evidence of specific acts of negligence and carelessness on the part of the engineer, in running the train on other occasions than the one in question, was clearly incompetent.   It would not only lead to collateral inquiries, and so distract and mislead the jury from the true issue before them, but it had no legal or logical tendency to prove the point in issue.   Because a man

was careless or negligent of his duty in one or two specified instances, it does not follow that he was so at another time ana under different circumstances. *Collins* v. *Dorchester*, 6 Cush. 396. The plaintiff did not offer to prove the general character of the engineer for care and skill in his business. Such testimony would certainly have been less objectionable, though not perhaps competent.

3. The inquiry of the witness, as to the mode of approach to the wood pile, sought for his opinion on a matter which bore directly on the question of the use of due care by the plaintiff at the place of the accident. It was therefore incompetent. All the facts bearing on the locality, and the means of access to it, being laid before the jury, it was their province to decide whether there was any other mode of approach which a person of ordinary prudence could take. In determining this question, they could not be properly aided by the opinions of witnesses.

4. The plaintiff, having been permitted to give in evidence the admissions of the president of the defendant corporation in the course of the trial, cannot now object that this evidence was excluded when it was first offered by him. The order of proof is always within the discretion of the judge presiding at the trial, and his exercise of this discretion is not open to exception. The plaintiff has had the full benefit of the evidence offered by him, it having been laid before the jury in the course of the trial; and it is therefore quite immaterial that it was not admitted at the time when it was first offered.

5. The admissions and statements of the engineer, after the accident, were inadmissible. The defendants were not in any way bound by his confessions. They were not within the scope of the engineer's agency for the defendants, and were made some days after the accident. They were therefore only the declarations of a third person, and incompetent, as being merely hearsay evidence.

6. The evidence of the president of the corporation, who employed the engineer, that he was hired by him as skilful and competent, was relevant and material, in answer to the ground

assumed by the plaintiff as a foundation for his right of recovery; which was, that the engineer was employed by the corporation with a knowledge that he was unskilful, and at low wages. As distinct and substantive proof in defence of the case, we think it would have been liable to objection; but it is quite clear that it was competent in answer to the case alleged and attempted to be proved by the plaintiff.

7. The statement of the president of the corporation, that he thought the defendants would give the plaintiff something, was not a declaration which, in its nature, could be binding on the defendants, or in any way affect the right of the plaintiff to recover in this suit. It was, at most, a mere expression of private opinion, and wholly immaterial. It necessarily implied a want of authority in the witness to act for the corporation in regard to the claim of the plaintiff for damages, and implied that the corporation would take action for themselves on the subject.

8. The letter written by the plaintiff to the defendants was rightly rejected. The vote to lay it on the table was equivalent to a refusal to act upon it. The letter of the plaintiff was not competent therefore, as connected with any act or admission of the defendants, and was, in effect, only his naked declaration.

9. The remaining objections to the rulings of the court as to the offer and rejection of evidence are either clearly immaterial, or wholly untenable, as falling within the scope of the proper discretion of the judge in regulating the order of proof, except that which has reference to testimony bearing on the question of damages. This last, it is unnecessary to consider; because the plaintiff, having failed to establish his case on the merits and to show any claim for compensation, cannot be aggrieved by any ruling relating to damages merely.

10. The burden of proof was clearly on the plaintiff to show want of due care on the part of the defendants, as well as the exercise of ordinary care by himself at the time of the accident. *Lane* v. *Crombie*, 12 Pick. 177. *Adams* v. *Carlisle*, 21 Pick. 146. *Carsley* v. *White*, 21 Pick. 255.          *Exceptions overruled.*