State of Minnesota v. Dee.

<br>

THE STATE OF MINNESOTA.

*vs.*

DAVID DEE, Indicted with WILLIAM DEE.

It is proper upon cross-examination to ask a witness whether he has not expressed feelings of hostility towards the party against whom he is called.

*Held*, that upon a trial in October, 1868, in this case, threats made in November preceding were not made at a time so remote from the time of trial, that testimony in regard to them should on account of such re-

moteness be excluded. The particulars of hostile feeling on the part of the witness may be inquired into, so far as is proper for the purpose of ascertaining the *extent* and *nature* of such hostile feeling, in order that the jury may be informed how much allowance to make for such feeling. Whether it is a sound rule that before the expression of hostile feelings on the part of a witness can be shown, for the purpose of affecting his credit, such witness must himself be inquired of as to such expression, (Query?) But without any such preliminary inquiry, testimony as to threats and expression of hostile feelings on the part of a prosecuting witness, is admissible for the purpose of showing, that a defendant who is charged with assaulting such witness, had reason to believe that such witness intended to kill him, or do him some great bodily harm, and was therefore justified in doing whatever was necessary to prevent such injury to himself.

The statutory provision in *Ch.* 70, *Laws* 1868, enacting that "in the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offenses, the person so charged shall, at his request, but not otherwise, be deemed a competent witness," does not include a co-defendant, not on trial so as to except him from the operation of the general rule of competency.

The defendant David Dee, appeals to this Court from a judgment of the District Court for Olmsted County. A sufficient statement of the case appears in the opinion of the Court.

E. A. McMahon for Appellant.

F. R. E. Cornell, Attorney General, for Respondent.

*By the Court.*—Berry, J.—The first count of the indictment in this case charges the defendants with an assault upon Bernard Clark with intent to murder, and the second count with an assault upon the same person with intent to commit manslaughter.

A separate trial being allowed, the appellant David

State of Minnesota v. Dee.

Dee was found guilty of an assault and battery, and sentenced to pay a fine of four hundred dollars. The testimony as to the facts and circumstances of the alleged assault was conflicting and contradictory. The account of the alleged assault given by Bernard Clark, who was called by the prosecution, and that given by David Dee, who took the stand for himself, were essentially variant as to material points.

Testimony which would tend to cast doubt upon the credibility of Clark, was therefore important to the defendant. The assault is alleged to have taken place on the 17th day of February, 1868. Upon cross-examination by the defendant, Clark testified " that the feeling between himself and the defendant was not friendly, that he had charged the defendant with shooting colts belonging to him ; that he had a suit pending against the defendant David Dee upon that ground now. " Upon further cross-examination, the defendant asked Clark: "Did you last fall, some time in the month of November, in McCormick's saloon, in Rochester, say in the hearing of Patrick Fogarty and others, 'I will shoot him (meaning the defendant) dead if he comes out to night?'" Upon an objection by the State, the ground of which does not appear, the question was excluded, and, as we think, improperly. The right to ask a witness, upon cross-examination, whether he has not expressed feelings of hostility towards the party against whom he is called, is well settled. 1 *Gr. Ev. Sec.* 450 ; 1 *Starkie Ev.*, 190 ; 2 *Phillips Ev.*, 399. The object of testimony of this kind is to show a bias or prejudice on the part of the witness, which might affect his fairness and truthfulness, and such testimony is not regarded as collateral or irrelevant. But it is urged that the question was. properly excluded in this instance, because the threat inquired about was made at a

time (Nov. 1867) too remote from the time of trial (October 1868) to furnish any evidence as to the state of Clark's feelings at the latter time. As to this point we do not discover that any rule has been laid down. Questions in regard to hostile feelings on the part of a witness appear to have been allowed without reference to the remoteness of the time when they were expressed, and without objection on that account. And although, because no objection appears to have been raised, the authority of the cases in which this has been done is somewhat negative in its character, we think it is entitled to consideration from its unanimity. See *Starks vs. the People,* 5 *Denio,* 107, a case in which the lapse of time appears to have been as great as in the case at bar. *Newton vs. Harris,* 2 *Selden,* 346; *Long vs Lamkin,* 9 *Cushing,* 365; *Collins vs. Stephenson,* 8 *Gray,* 439; *Commonwealth vs. Byron,* 14 *Gray,* 31; *Atwood vs. Weltin,* 7 *Conn.,* 66; see also authorities *ubi supra.* While we do not hold that there may not be cases where the expression of hostile feelings was made at a date too remote to furnish any reasonable ground for inferring that such feelings continue to exist at the time of trial, we are of opinion that in this case the testimony offered should have been submitted to the jury. There is no principle or presumption, so far as we are aware, which would authorize a court to say that the feelings which found expression in a threat to kill the defendant in November had ceased to exist in or influence the mind of the witness in October following. And when we take into account the testimony of Clark, (already before the jury) showing that he was still unfriendly to the defendant, we think it yet more important for the defendant to be permitted to show that this unfriendliness was of long standing, and deep seated.

It is further urged that the question was properly ex-

cluded because "while personal controversy and ill feeling may be. shown, yet the particulars thereof are not inquirable into." The authorities which we have cited, not. only do not lay down the rule in this way, but an examination of them will show that the practice is to permit the particulars of the hostility of feeling to be inquired into. See, also, *Roscoe Crim. Ev.*, 181–2. The object of this kind of testimony is to show bias and predjudice on the part of the witness, for the purpose of leading the jury to scrutinize, and perhaps to discredit the testimony. If testimony of this character is to be received, it should be received in its most effective form, so that the purposes for which it is introduced may be best accomplished. A mere vague and general statement that hostile feeling existed, would possess little force. It certainly must be proper to ask what the. expression of hostility was, for the purpose of informing the jury of the *extent and nature* of the hostile feeling, so that they may determine how much allowance is to be made for it. This was all that the question in this instance called for. An inquiry into particulars beyond what is proper to ascertain the extent and nature of the hostile feeling should not, we think, be allowed, as it would lead to interminable investigations.

"The defendant called as a witness Thomas Ireland, who testified that in February last, he was a constable in Rochester; that he saw the witness Clark and the defendant David in the city of Rochester have some difficulty in the afternoon of the assault; that Clark had a drawn knife in his hand which he held in a threatening manner; that Ireland feared Clark would stab Dee, and told him to go away or he would arrest him; that as Clark turned to go away he said, 'I will cut his d–d guts .out.'" The defendant also "called as a witness Patrick Fogarty, by whom he

offered to prove that about the 10th or 12th of November last, the witness Clark said to him that he would kill Dee that night, and that Clark in pursuance of his threats made an attack upon Dee's house that night, and fired several shots at it." The prosecution objecting, the proposed testimony was excluded by the Court. The witness testified "that on the 10th or 12th of last November the witness Clark used in his presence threatening language towards Dee, and that he told Dee of his threat before the assault." So far as the testimony excluded was offered for the purpose of shaking the credibility of Clark, the Attorney General, in addition to the reasons which we have already answered, urges that Clark should first have been inquired of as to the matters embraced in the offer. This would seem to be in accordance with the course pursued in the cases which we have cited above, and in accordance with the views expressed in *Cooley et ux. vs. Norton*, 4 *Cushing*, 94–5. Whether there is any good foundation of reason or principle upon which this rule can be placed it is not necessary in this case to determine.

As the testimony excluded was offered for the purpose of showing that at the time of the assault the defendant had reason to believe that Clark intended to kill him, or inflict great bodily harm upon him, we think it should have been received. If without any fault upon his part, the defendant was attacked by Clark with a knife, and from previous threats and conduct on the part of Clark, brought to the defendant's knowledge, and the circumstances of the attack, the defendant had reason to believe, and did believe, that Clark intended to kill him, or to do him some great bodily harm, he would in self defence be justified in using whatever means were necessary to prevent the threatened injury. The testimony excluded certainly had some tendency, espe-

cially in connection with the testimony of Ireland, to show that Clark's feelings toward the defendant were revengeful and vindictive to such an extent, that the defendant might reasonably have apprehended, that the attack was (according to the defendant's version of the assault) made with intent to kill, or to inflict great bodily harm, and therefore we think it should have been admitted. *State vs. Shippey*, 10 *Minn.*, 231; *Shorter vs. The People*, 2 *N. Y.* 197; *Ch.* 94, *Gen. Stat., Sec.* 5.

The defendant David Dee called as a witness his co-defendant William Dee, who was sworn. The counsel for the State objected to the receiving of testimony from William Dee, on the ground that he was a co-defendant. The testimony was excluded, and in this the Court below erred. *Sec.* 7, *Ch.* 73, *Gen. Stat.*, reads as follows: "All persons, except as hereinafter provided, having the power and faculty to perceive and make known their perceptions to others, may be witnesses; neither parties nor other persons who have an interest in the event of an action are excluded. * * * But no defendant in a criminal action or proceeding shall be a competent witness therein for himself, nor until acquitted or convicted, for a co-defendant." The exceptions referred to in the section quoted, are not important in this case. If this section had not been changed, there would be no question that the exclusion of the testimony of William Dee, a co-defendant, who had not been tried, would have been proper. But by *Ch.* 70, *p.* 110, *Laws* 1868, the section cited was amended by striking out the last sentence of the same, and inserting the following language: "And on the trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offences, the *person* so charged shall at his request, but not otherwise, be deemed a competent witness," &c. (The

word *person,* which we italicize, is misprinted "persons" in the session laws.) We are of opinion that the effect of this amendment was to make the person charged and on trial a competent witness, at his own request, but not otherwise; that the amendment has no reference to co-defendants not on trial, and that a co-defendant, not on trial, is made a competent witness by the general provision in the first clause of section 7.

The repeal of that portion of section seven as it was originally enacted, which specifically excluded co-defendants, furnishes strong support to this construction. The language "shall at *his* request, but not otherwise, be deemed a competent witness," can hardly apply to a co-defendant not on trial. A co-defendant not on trial, having no interest in the separate trial of his co-defendant, is not to be presumed to be in court. He may, and in many cases must, be in jail. What object could *he* have in requesting permission to testify even if opportunity were given him? How does he acquire a standing place in court from which to make the request? He is neither a party to the trial, nor the attorney of a party. This view is, we think, still further supported by the subsequent language of the amendment, which goes on to provide as follows: "nor shall the neglect or refusal to testify create any presumption against the defendant."

How is it possible that the *neglect* or *refusal* of a co-defendant, not on trial, to testify could create any such presumption, if such co-defendant is competent *only* upon his own request?

And, finally, by its own terms this exception from the general rule of competency is provided for only "*on the trial* of all indictments," &c. "*against* persons charged," &c. The separate trial of an indictment against one co-

defendant, is not the trial of an indictment against another co-defendant, and therefore the exception does not cover the case of a co-defendant not on trial. We are therefore of opinion that the Court below erred in excluding the testimony of William Dee.

Judgment reversed and a new trial directed.

McMillan, J.—I concur in the conclusion arrived at in this case.