STEWART v. KINDEL.

1. EVIDENCE IN ACTION TO RECOVER MONEY PAID BY MISTAKE.— In an action to recover money alleged to have been paid by mistake, the existence of a written contract between the parties does not render incompetent oral evidence of prior negotiations showing that the payment was no part of the transaction evidenced by the writing, and that it was wholly without consideration, and resulted from a mutual mistake.

2. PLAINTIFF IS ENTITLED TO RECOVER BACK A PAYMENT MADE BY MISTAKE WHEN NOTHING WAS OWING TO THE DEFENDANT.— An instruction that plaintiff is entitled to recover if, by reason of excitement or forgetfulness, he made a payment when nothing was owing to defendant, is not misleading when taken in connection with other portions of the charge, to the effect that, to warrant a recovery, the mistake must have been mutual.

3. INTEREST OF WITNESSES IN THE RESULT OF THE ACTION TO BE CONSIDERED.— Where the parties to the action and one of the attorneys of record are sworn as witnesses, in weighing the testimony the jury are at liberty to take into consideration the interest of each in the result of the action, so far as such interest is disclosed by the evidence.

4. Examining the Parties, as Witnesses, Concerning Their Feelings Toward One Another.— The admission by defendant, while testifying as a witness in the case, of the existence of prejudice against plaintiff, does not preclude an inquiry into the extent of such ill feeling, nor a cross-examination as to the character of such prejudice.

*Appeal from District Court of Arapahoe County.*

In this action appellee Kindel, as plaintiff below, instituted this suit to recover money alleged to have been paid by him and received by appellant without consideration, by the mutual mistake of the parties. The defendant, in his answer, admits the payment of the money, but denies that the same was paid or received by mistake, or without consideration, and avers that the amount was paid in satisfaction of a just claim against the plaintiff.

A trial to a jury resulted in a verdict for the plaintiff.

Mr. W. W. Cover, for appellant.

Mr. John L. Jerome, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

The first four assignments of error, so far as they are urged in this court, relate to the admission of certain evidence upon the trial against the appellant's objections. The testimony thus admitted relates to certain conversations which took place between the parties upon March 24, 1887. A written contract having been subsequently entered into by the parties, it is contended that oral evidence of the prior negotiations was not proper for the consideration of the jury. We do not think this objection well taken. The money sought to be recovered was paid to the defendant by a check upon a certain Denver bank. Had the giving of this check been a part of the agreement evidenced by the written contract, there would be some basis for defendant's objection; but whether or not it was intended as a part of that transaction was the vital point in issue between the parties upon which the jury were called upon to pass. The

evidence tended to show that the payment was no part of the transaction evidenced by the writings; that it was wholly without consideration, and resulted from a mutual mistake. Under these circumstances the testimony was competent.

The appellant, a witness in his own behalf, in the court below, was required, against objection, upon cross-examination, to answer certain questions tending to show the existence of an unfriendly feeling between the parties, and this is assigned for error. It is one of the objects of cross-examination to show the relation existing between the witness and the party against whom, as well as the party for whom, he is called. And it can make no difference if the witness himself happens to be a party; anything tending to show either bias or prejudice, or to throw light upon the motives and inclinations of the witness, may be permitted, in order that the jury may be assisted in determining the weight that should be given the testimony of the witness. No doubt the extent of the inquiry rests somewhat in the discretion of the trial court. An investigation into particulars beyond what appears to be necessary to ascertain the nature and extent of the hostile feeling should not, of course, be permitted. In this case counsel were allowed to go to some extent into the details and particulars of such ill will, and, we think, rightfully so. The fact that the witness admitted the existence of ill feeling or prejudice against the plaintiff did not preclude an inquiry into the extent or intensity of such ill feeling, nor a cross-examination as to the character and degree of such prejudice. *State v. Collins*, 33 Kan. 77; *State v. Dee*, 14 Minn. 35 (Gil. 27); *Batdorff v. Bank*, 61 Pa. St. 179; *McFarlin v. State*, 41 Tex. 23; Thomp. Trials, §§ 450, 451.

In *State v. Dee, supra*, it is said: "The object of this kind of testimony is to show bias and prejudice on the part of the witness, for the purpose of leading the jury to scrutinize, and perhaps to discredit, the testimony. If testimony of this character is to be received, it should be

received in its *most effective form*, so that the purposes for
which it is introduced may be best accomplished. A mere
vague and general statement that hostile feeling existed
would possess little force. It certainly must be proper to
ask what the expression of hostility was, for the purpose
of informing the jury of the *extent and nature* of the hostile
feeling, so that they may determine how much allowance is
to be made for it."

Several errors are assigned upon the instructions given
by the court. By the first instruction the jury were told,
in substance, that if they believed from the evidence that
the payment was made when nothing was owing under the
contract between the parties, and that it was made because
Kindel did not, by reason of excitement or forgetfulness,
appreciate the terms of the contract, then he was entitled
to recover. This instruction is criticised by appellant be-
cause it leaves out, as it is said, the necessity of showing
that the mistake was mutual.

If considered by itself it is possible the jury may have
drawn such conclusion, although, if the amount was paid
by the mistake of appellee and received by appellant when
nothing was owing, it would seem to follow as a logical
sequence that it must have also been received as well as
paid by mistake; otherwise, appellant was guilty of fraud
in receiving that to which he had no claim. We are not
compelled to rely upon this, however, as in the instruction
immediately following, as well as in other portions of the
charge, the jury are told that to warrant a recovery the
money must have been received as well as paid by mistake;
*i. e.,* to warrant a recovery the mistake must have been mut-
ual. Under the circumstances we do not think it possible for
the jury to have been misled as to the law upon this point.
In construing a charge to a jury each instruction should
be considered in connection with the entire charge, and if,
considering the instructions as a whole, it appears that the
jury were correctly advised by the court upon all material
points in the cause, this is sufficient. *McClelland v. Burns,*

5 Colo. 390; *Thatcher v. Rockwell*, 4 Colo. 375; *Dozenback
v. Raymer*, 13 Colo. 451.

Upon the trial the parties to the action were each sworn
and testified, as did also one of the attorneys of record in
the case.   In reference to such testimony the jury were
told that in weighing the testimony of such witnesses they
were at liberty to take into consideration the interests of
each in the result of the action, so far as such interest was
disclosed by the evidence.   There was no error in this.
The degree of credit to be given to each and all witnesses
is a question exclusively for the jury; and if an attorney of
record in a cause goes upon the stand as a witness, his tes-
timony is to be weighed by the jury in view of all the sur-
rounding circumstances appearing on the trial, including
his professional connection with the case.

There is some conflict in the testimony in this case, but
it was the peculiar province of the jury to decide upon
which side lay the preponderance of the evidence.   The
verdict was against appellant.   The cause appears to have
been fairly submitted to the jury under proper instruc-
tions, and the verdict cannot be disturbed.   The judgment
is accordingly affirmed.

*Affirmed.*