Bissell, J.,
delivered the opinion of the court.
Mrs. Human brought this suit against the city to recover for an injury which she received in slipping on the sidewalk which was under discussion in the case of the City v. Hickey, immediately preceding this. It would only encumber the reports to write an extended opinion in this case disposing of the same questions which were settled in the case of the City v. Hickey. We are quite at liberty to refer to that case for our views respecting the duties of the city and its responsibilities with reference to the care of its walks and particularly that walk laid in front of the post office. The only difference between this case and that lies in the fact that the city offered the deeds from Tabor to the government in *145 order to show that title had-passed to the United States, whereby the legislation which gave the government jurisdiction over those lots had become effectual. According to the views which we expressed in the Hickey Case, this made no difference, and in no measure tended to alter, lessen, vary or modify the duties and liability of the city. If there was testimony on which the verdict could stand, the city could not escape responsibility because the title was in the government or because the federal authorities had laid the walk. It was obligated to see that the walk was properly laid and the surface in a safe and suitable condition for the traveling public. There is enough evidence in the case to justify the verdict of the jury, and the city cannot because of the conveyances or the vesting of jurisdiction escape this responsibility. There is only one question in this case which at all varies it from the other. There was considerable evidence introduced to show the condition of Mrs. Human’s hand and arm before and after the injury. No question is made respecting the admissibility of all this testimony and its relevancy to the issue-, except in so far as it may be affected by a single question put to her daughter, who was asked whether her mother had been out to service since the injury. The question was objected to, but its answer, which was in the negative, was admitted. This is the principal and only difficulty suggested by the record. It is possibly on the border line which separates admissible from inadmissible testimony, because of the condition of the pleadings. General damages were alleged, but there was no averment of any special loss sustained by reason of the plaintiff’s inability to labor and the loss of time and wages as the result of this disability. It must be conceded special damages can only be proved and recovered when they have been laid in the complaint. The only question is whether this rule was violated in permitting the witness to answer this specific question. We do not so understand it. In the first place, evidence had already been given in that direction by the plaintiff, and if the answer was objectionable, it was not taken advantage of early enough in- *146 the ease to render the present exception one on which a reversal could be based. We are bound in considering these appeals to disregard whatever errors are harmless when substantial justice has been done between the parties, and we might very easily sustain this verdict on that hypothesis. We are well satisfied, however, that this fact was admissible for the purpose of proving the condition of her arm and hand after the happening of the injury. Evidence of the use which the plaintiff was able to make of her arm before and after the accident affords a basis for the jury’s judgment respecting the plaintiff’s loss. Many cases have recognized evidence of this sort as admissible so long as the jury is properly controlled by instructions that the verdict may not be enlarged by proof of the pecuniary loss resulting from inability to do the work which had theretofore been done. It is true in this case the jury were not instructed on this subject, but the defendant failed to ask any instructions respecting it, and Ave are unable to see that of necessity this matter entered into the jury’s computation as a matter of damage. As has been said in some cases, evidence of this sort conduces to prove the extent of the plaintiff’s injury and assists the jury in determining the fact that the plaintiff has sustained an injury of no slight character. The legitimacy of this sort of evidence has been recognized by the supreme court of the United States and by learned courts in other jurisdictions. Wade v. Leroy et al., 20 Howard, 34; Sutherland on Damages, vol. 3, page 263, et seq.
In the present suit the plaintiff did not attempt to show what her earnings had been when she A\ras out at service before the injury, nor what she could probably have earned had she been able to resume her business after the accident happened. This proof, of course, would have been essential had there been any allegations of special damages and she had sought to enhance her recovery by proof of the val ue of her loss of time. Since she offered no proof in that direction, Ave do not see that the general rules respecting the production .of testimony to recover for a personal injury Avere in *147 fringed by the particular question put to the witness. The question simply elicited the fact that after the injury she was unable to go out to service, and it may be said to have tended to show the condition in which she was left by reason of the hurt.
We are unable to discover any errors in the record which ought to be permitted to disturb the judgment, and it will accordingly be affirmed.

Affirmed.