[No. 6007.]

## THE DENVER CITY TRAMWAY COMPANY V. COWAN.

1. EVIDENCE — *Competency — Admissibility* — In an action against a street railway company, by a passenger, for negli-. gently setting in sudden and rapid motion the car into which plaintiff was attempting to enter, throwing him to the ground, evidence of a similar accident and injury to another passenger attempting to enter the same train, only a few moments before the accident to plaintiff, and attributed to similar negligence and reckless conduct on the part of those in charge of the train, was held incompetent, as directed to immaterial matter and raising collateral issues, which the defendant might not be prepared to meet—(71).

2. ——*As to Damages—Variance*—Where, in an action for personal injuries, the plaintiff, both by pleading and bill of particulars describes his injuries with particularity, he is not to give evidence of injuries which are in no wise specified—(76).

Evidence that plaintiff since the injury, had been unable to attend to business was held properly admitted, as tending to show the extent of the injury, and its permanent character, even though the complaint made no claim for loss of time or interference with the plaintiff's business—(76, 77).

3. APPEALS—*Error Presumed Prejudicial*—Where incompetent evidence is permitted to go to the jury, over objections,

the error is presumed prejudicial unless the contrary affirmatively appears—(74).

Evidence offered on the part of the plaintiff to establish the second cause of action in the complaint, was improperly received, without any restriction or limitation of it, by the court, to that particular cause of action. The evidence was of such character as to strongly influence the jury in considering the first cause of action. *Held*, that the withdrawal of the second cause of action did not cure the error—(73).

4. INSTRUCTIONS—*Negligence*—Particulars of negligence alleged, as to which there is no evidence, should be excluded from the consideration of the jury; but this may be effected by the general charge specifying what is to be determined by the jury.

An instruction which called the attention of the jury to particular negligences charged, as to which there was evidence, and told them that before they could find for the plaintiff, they must believe from a fair preponderance of the evidence, that the conditions enumerated resulted "solely from the negligence of the defendant" was held not improper, as excluding from the jury the question whether the act complained of was negligence—(80).

5. ——*As to Interest, of Party Testifying*—The interest of each and every witness in the subject matter of the litigation is to be considered by the jury in weighing his testimony, and it is the duty of the court to so instruct.

A general instruction, as to all witnesses, applies to the parties, and complies with the rule—(78).

6. ——*As to Damages*—In an action for personal injuries an instruction that the amount to be awarded, if the jury should find for the plaintiff, was "left to the enlightened judgment of the jury," that they were to consider plaintiff's expectancy of life, his physical pain, his mental suffering, the probability of its continuance, the nature and extent of the injury, as appearing in the evidence, and from all these determine what will be a fair compensation for the injuries sustained, was held to accord, substantially, with the instruction approved in *Denver Co. v. Martin*, 44 Colo. 324—(81).

*Appeal from Denver District Court.*—HON. FRANK T. JOHNSON, Judge.

Mr. GERALD HUGHES and Mr. HOWARD S. ROBERTSON, for appellant.

Messrs. RICHARDSON & HAWKINS and Mr. STEPHEN W. RYAN, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

Appellee, as plaintiff below, sued the appellant and recovered judgment in damages for personal injuries sustained while attempting, as a passenger, to get upon a street car then owned and operated by the latter, upon the public streets of the city of Denver. From the judgment, the defendant company appeals.

The original complaint stated the facts as constituting one cause of action. A motion, interposed by defendant to "separate, and separately state the two alleged and pretended causes of action," was sustained, and thereupon appellee filed an amended complaint. Omitting the formal parts thereof, it is alleged, substantially, as a first cause of action, that plaintiff, desiring to board one of the cars of the defendant at Fifteenth and Platte streets, signaled an incoming car traveling along Fifteenth street; that the car, in obedience thereto, came to a stop; that thereupon plaintiff attempted to board the same, and as he was in the act of getting on, and before he could land, the car was suddenly and violently started by defendant, and thereby plaintiff was thrown therefrom across, over and upon the street, and by reason thereof his right clavicle was broken and contused, the flesh, muscles and tissues surrounding the same were greatly injured; the neck of the right femur was broken, and the flesh, muscles and tissues surrounding the same were greatly injured, lacerated and torn; his body was severely bruised, beaten and wounded, whereby and by reason of which he was compelled to, and did keep his bed for a period of twelve weeks, during which time he suffered immeasurable pain, anguish and distress, and was permanently injured and disabled:—and further,

"That the said injuries occurred and were brought about wholly by reason of the negligence of the said company in each and every all and singular of the following particulars, to-wit:

a.   That the said company should not have caused its said car to be started until this plaintiff had fully gotten onto the said car, and into a place of safety thereon.

b.   That the said company should not have started its said car in any event so violently, hurriedly and rapidly as it did start the said car.

c.   That the said car was started at a time and under the circumstances hereinbefore detailed in disregard of the safety of the lives and limbs of the passengers who were about to board said car and particularly of the life and limbs of said plaintiff.

d.   That the servants of the said company who were responsible for the operation of said car were reckless, inexperienced, and inattentive to their duties, all of which was known to or in the exercise of reasonable diligence would have been known to said company.

e.   That in trusting the said servants to operate the said car, the said defendant was guilty of neglect thereby endangering the lives and limbs of the passengers on said car, in the operation thereof, and particularly the life and limbs of this plaintiff."

The second cause of action, in its formal parts and in the alleged manner in which the accident occurred, was identical with the first, but particularized as follows:

"a.   That the said company wantonly and recklessly caused its said car to be started before this plaintiff had fully gotten onto the said car and into a place of safety thereon.

b.   That the said company started its car wantonly, recklessly, violently, hurriedly and so hastily and rapidly as to endanger the life and limbs of this plain-

tiff by reason of which he suffered the injuries as aforesaid.

c. That the said car was started at a time and under circumstances showing a wanton and reckless disregard of the safety of the lives and limbs of the passengers who were about to board said car, and particularly of the life and the limbs of this plaintiff.

d. That the servants of the said company who were responsible for the operation of said car were reckless, inexperienced, and inattentive to their duties, all of which was known to or in the exercise of reasonable diligence would have been known to said company, and which it wantonly and willfully countenanced in continuing the said servants in its said employment.

e. That in trusting the said servants to operate the said car the said defendant was guilty of wanton and inexcusable neglect in endangering the lives and limbs of the passengers on said car in the reckless operation thereof and particularly the life and limbs of this plaintiff."

Upon motion of defendant, and order of the court thereon, the plaintiff filed a bill of particulars as to the portions of his body "bruised, beaten and wounded."

The defense interposed denied the alleged negligence of defendant, and the injury sustained by plaintiff, and pleaded contributory negligence on the part of the latter.

The evidence on behalf of plaintiff was to the effect, that the car came to a full stop in obedience to his signal, but before he had an opportunity to board the same, and while in the act thereof, the car started forward, and he was thrown to the pavement and received the injuries set forth in the complaint. That of defendant tended to show that the accident occurred while plaintiff was attempting to board a car which was in rapid motion, and which had not stopped, after crossing the intersecting street, where plaintiff attempted to get

on.   The court, in its instructions, dismissed the second cause of action, and directed the jury to confine itself to consideration of the first.

1.   The first assignment of error argued, pertains to the reception of alleged improper evidence on behalf of plaintiff, and the rejection of alleged proper evidence offered on behalf of defendant.

A witness for plaintiff, was permitted to testify, over the objection and exception of defendant, concerning an accident which occurred to him a few minutes before the one in question.   The substance of this testimony is, that on the evening of the accident, witness, for the purpose of taking a car into the city, went to the junction of Central and Fifteenth streets, which is one block west of the point where the accident to plaintiff occurred; that a car came to where he was waiting and stopped, and thereupon witness undertook to get upon the same, but before he could do so the conductor rang the bell, and the car started forward, with a jerk, and threw witness therefrom. Then the following question and answer:   "Q.   What became of you?   A.   I rolled off about fifteen feet to one side of the car.   That is what became of me then and there."

The general rule is, that when a party is sued for damages arising from a particular act of negligence imputed to him, disconnected, though similar, negligent acts, are inadmissible.   A different rule applies when the purpose of the evidence is to establish a previous and continuous defective or dangerous condition of a thing, and knowledge or notice thereof upon the part of the person sought to be charged, or, perhaps, when its purpose is to charge one with notice of another's incompetency, and probably, in a few other instances not necessary to notice here.—*Rio Grande Sn. R. R. Co. v. Campbell,* 44 Colo. 1; *Colo. Mtg. & In. Co. v. Rees,* 21 Colo. 435; *Last Chance M. & M. Co. v. Ames,* 23 Colo. 167, 173; *The T. & H. Pueblo Bldg. Co. v. Klein,* 5 Colo.

App. 343, 351; Wigmore on Evidence, § § 199, 208, 250.

In Wigmore on Evidence, § 199, after stating that, "In a few jurisdictions the character of a defendant or of an employee or of a plaintiff for negligence or prudence may be uesd to show that he probably was not or was careful on a given occasion," the author puts the question: "Is it proper to evidence that character by particular instances of the trait?" and, after stating the argument negativing the proposition, proceeds, "For these reasons, almost all courts exclude such evidence, whatever their views may be * * * as to the propriety of using the character, if otherwise evidenced, to show the probability or improbability of carlessness on a particular occasion." The author then states the rule permitting the use of single acts for the purpose of establishing notice of incompetency, and proceeds: "This is not inconsistent with rejecting particular acts as evidence of the objective fact of incompetency."

In the case at bar, neither the condition of the car nor the incompetency of the servants is involved. The plaintiff could recover only by showing that the servants of defendants in charge of the car, were guilty of negligence, resulting in his injuries at the time and place alleged. The only way in which to establish such negligence was by showing that such servants, then and there, started the car without giving plaintiff sufficient time to safely board the same. Indeed, that is the only issue made by the pleadings or sought to be sustained by the evidence. If defendant's servants were not negligent at the time plaintiff sustained the injuries of which he complains, it was wholly immaterial how habitually and recklessly negligent they might have been prior thereto; or, if they were negligent then, how careful and prudent they had previously been. The incompetency of the servants, and notice thereof on the part of defend-

ant, because of the nature of the case, were wholly immaterial, and the case must necessarily be determined under the general rule.

The irrelevancy, immateriality and prejudicial effect of the evidence in question is readily apparent. It presented collateral matters, drew away the minds of the jurors from the points in issue, and had a tendency to confuse and mislead them instead of informing them upon the direct issue they were to consider and pass upon. If such evidence be permissible, controversial proofs would necessarily be essential, and there would be as many collateral issues as there were separate accidents shown, and litigation, in any given case, would become interminable. Moreover, the defendant, unadvised of what particular alleged negligent acts might be presented, would be in no position to meet the same. Furthermore, if the jury believed that defendant's servants, at the intersection of the streets a block away, started the car before the witness had an opportunity to board the same, and caused him to be thrown therefrom, it would be a circumstance of great weight, and almost controlling force, in convincing them that such servants likewise so started the car at the place and time in question and caused plaintiff to be thrown. The cases hereinbefore cited, from our own courts, sustain the rule we have here announced. However, we will refer to a few cases analogous in principle, from other jurisdictions.

The case of *Delaware, Lackawanna and Western R. R. Co. v. Converse*, 139 U. S. 469, 477, was for the recovery of damages on account of personal injuries sustained, and it is therein stated:

"Another error assigned is the refusal of the court to allow proof by the defendant of the fact that the manner in which the plaintiff crossed the railroad tracks, between six and seven o'clock in the evening, on his way from Jersey City to the County Farm, showed

negligence upon his part. Plainly, this evidence was irrelevant. It did not, in any wise, illustrate the issue as to whether the defendant was guilty of negligence, or whether the plaintiff was guilty of contributory negligence two hours later in the evening, when the plaintiff, returning from the County Farm, attempted to cross the railroad tracks."

In *Maguire v. Middlesex R. R. Co.*, 115 Mass. 239, 240, it is said:

"The only error that occurred in the trial in the court below was in the admission of the testimony that the driver had been seen on several previous occasions to stop the car suddenly. The plaintiff's complaint was that in consequence of a sudden stop he was thrown from the platform, and injured by being run over. The question for the jury, supposing he had satisfied them that he was in the exercise of due care, was as to the exercise of the like degree of care on the part of the defendant at the time of the accident. The fact that the same driver had at some other times been guilty of careless or unskillful management could have no legitimate bearing upon the question as to the care or skill exhibited at the time in controversy."—*Robinson v. F. & W. R. R. Co.*, 73 Mass. 92, 95; *C. R. I. & P. Ry. Co. v. Durand*, 65 Kan. 380; *Little Rock & M. R. Co. v. Harrell*, 58 Ark. 454; *Dalton v. C. R. I. & P. Ry. Co.*, 114 Iowa 257; *C. B. & Q. R. Co. v. Lee*, 60 Ill. 501, 504.

Plaintiff maintains that this evidence was admissible under his second cause of action, which he asserts "charged wantonness and recklessness in the particular negligence;" and contends, that as the second cause, by an instruction of the court, was withdrawn from the consideration of the jury, the evidence was likewise withdrawn, and no error intervened.

It is not at all certain that the complaint states two causes of action. However, were we to assume, that the alleged second cause of action, sufficiently charges

wilfulness and wantonness in the sense of a wilful or intentional act, the evidence was, nevertheless, inadmissible. If such evidence be proper in any given case, it is, as we have heretofore stated, to establish a condition of a thing, or charge one with notice, either of defects, conditions or incompetency, none of which questions are involved in this case. It is quite true, that when two causes of action are separate and distinct, or the facts of one are not interwoven with the facts of the other, the withdrawal of the cause to which alone the evidence applies will necessarily withdraw the evidence in support thereof. But where evidence wholly inadmissible, is placed before a jury, and is as applicable to one cause as to the other, or is of such character and nature that the court is unable to say it had no influence upon the jurors in the determination of the issues, the simple withdrawal of the cause, under which the objectionable evidence is claimed to have been admitted, can not remove the evil effect thereof, and the judgment must be reversed.

The evidence in question comes clearly within the last stated rule. In each of the supposed causes of action it is alleged that the agents and servants in charge of defendant's car, were reckless, inexperienced and incompetent, and that defendant had knowledge thereof. Moreover, the objectionable evidence went before the jury without the court in any wise limiting its purpose or effect. When defendant interposed objections to the evidence, counsel for plaintiff simply remarked that it was offered under the second cause of action. The court made no ruling other than to admit the evidence. No intimation was given, that, in the opinion of the court, the evidence was applicable to the alleged second cause of action only. Whether an instruction, specifically withdrawing the evidence from the jury, would have removed its evil effect, need not be here considered as there was no such instruction given. Where il-

legal evidence is introduced and placed before a jury, over the objection and exception of one of the parties, the error is presumed prejudicial to the party excepting thereto, unless it affirmatively appears that it was not. In a case involving this principle, *D. S. P. & P. R. Co. v. Wilson,* 12 Colo. 20, 26, we said: "It is impossible to say that the admission of this testimony was error without prejudice; it may have been the very thing that induced the jury to find negligence on the part of defendant." Presumably every error is prejudicial to the party against whom it is committed, and the presumption can not be overcome until it appears, beyond doubt, that the error did not, and could not have prejudiced the party's rights. *Rio Grande Sn. R. R. Co. v. Campbell, supra,* is peculiarly applicable to the facts of this case. There one of the questions was, whether the particular cars between which plaintiff was injured in attempting to couple them, were engaged in moving interstate traffic. Plaintiff, over objection, was permitted to introduce testimony to prove that defendant frequently received from, and delivered to connecting lines, passengers and freight which had come from, or were destined to points without the state. In the progress of the case, it was determined that the act of Congress requiring common carriers engaged in interstate commerce, to equip the cars with automatic couplers, was not involved. Thereupon the trial court undertook to cure the error in the admission of the evidence, by instructing the jury to the effect that the Congressional Act was not involved, and that no liability of the defendant to the plaintiff could be predicated upon the violation thereof by the former. In holding that the instruction did not cure the error it is said:

"The tendency of the testimony under consideration would be to influence the jury in favor of the plaintiff, and must, therefore, be regarded as having this effect unless it clearly appears that the defendant was not

prejudiced there.    *   *   *   *    The rights of litigants can only be preserved by adhering to this rule. Cases should be tried before a jury on competent testimony, and when a party insists in getting before them testimony which is incompetent, he does so at his peril, and thereby has imposed upon him, when the case is reviewed, the burden of showing that the jury was not influenced in his favor thereby."

And after stating that the testimony bearing on the subject of the negligence of the defendant was close, it is further said:

"When the jury were advised that the defendant had engaged in interstate commerce and that an act of congress required railroads so engaged to equip their cars with automatic couplers, it is impossible to tell to what extent it may have influenced the jury in rendering its verdict, or to what extent, when it happened that the cars between which plaintiff was injured were not equipped with automatic couplers, it may have created a prejudice in the minds of the jury which prevented them from giving that careful consideration to the competent testimony bearing on the subject of the defendant's negligence which they should."

So in the case at bar. The material issue involved was, whether the servants of defendant were negligent in starting the car before the plaintiff had gotten aboard thereof, and evidence tending to prove that, at other times and places, such servants were negligent in regard to starting the same or other cars, was not admissible, and, moreover, was highly prejudicial to defendant's rights.

The plaintiff was permitted to testify, that the sartorius muscle was sore from the effects of the injury, and by reason thereof he was unable to bear any weight upon his leg. A physician was also permitted to testify that plaintiff developed pleurisy as a result of the injuries occasioned by the accident. It is conten-

ded that the testimony in each instance constitutes reversible error.   It is argued that the evidence was not admissible under the pleadings and bill of particulars. The complaint alleged that, "the neck of the right femur of the plaintiff was broken and the flesh, muscles and tissues surrounding the same were very greatly injured, lacerated and torn, and the body of this plaintiff was severely bruised, beaten and wounded."   The bill of particulars described in technical language certain bones broken and wrenched, muscles and tissues lacerated and torn, but did not designate the sartorius muscle. The particular injuries resulting from the principal one were specified in the complaint or bill of particulars, but do not include pleurisy, unless covered by the general allegation of pain.   A general allegation of injury or sickness as an element of injury, resulting from an accident, is sufficient to let in proof of the character here under consideration. *Montgomery v. Lansing,* 103 Mich. 46.   Nevertheless, when a plaintiff alleges what his injuries are, and the particulars thereof, he can not be permitted to offer proof of injuries in no wise specified. *Arnold v. City of Maryville,* 110 Mo. App. 254, 260.   Without applying the rules stated and testing the complaint thereby, we suggest that it would be safer, upon another trial, for plaintiff to amend his pleadings and broaden his bill of particulars to meet the objections urged.   We do not wish to be understood, however, as holding that, under the allegations of the complaint, the defendant was entitled to a bill of particulars, or that, without amendment, the particular evidence could properly have been received.

Plaintiff was permitted to testify, that since the injury he had been unable to attend to the business (not naming it) in which he had been engaged prior thereto, or to attend to any business.   It is argued that this evidence was improper, under the pleadings, as the damage occasioned by the loss of time, or interference

with the business of plaintiff, was necessarily special. There was no error in receiving the evidence. It was proper for the purpose of showing the extent, or permanent nature, of the injury sustained.—*C. S. & I. Ry. Co. v. Nichols,* 41 Colo. 272; *City of Denver v. Human,* 9 Colo. App. 144.

2. Defendant tendered an instruction, to the effect that the plaintiff had failed to prove the allegations in Subdivisions "D" and "E" of his complaint, and requested the modification, to the same, effect, of instruction No. 1 given by the court. The tendered instruction, and the modification requested, were refused and the action of the court thereon is assigned as error. There was no evidence to support the allegations in question. If defendant had manned its car with reckless, inexperienced and inattentive servants, that alone would not have given plaintiff a cause of action; nor would the fact—if it be a fact—that the car was in charge of careful, prudent and experienced servants relieve the defendant from liability for injuries sustained through its negligence alone. The matters of experience or inexperience, of recklessness or prudence are in no wise involved. The case as made by the evidence, if not by the pleadings, was simply one of negligence or nonnegligence, and should have been so limited. *D. & R. G. R. R. Co. v. Scott,* 34 Colo. 99, 106. Therefore, the instruction requested should have been given and the modification made, unless the effect thereof was covered by other instructions. We are inclined to think this was done. Instruction No. 7 expressly told the jury: "that the only allegation of negligence which is supported by the evidence and which is to be determined as a fact by you, is whether or not the car was stopped, and started while the plaintiff was attempting to board it."

The next alleged error we consider necessary to notice, is the refusal of the court to give instruction

No. 5 requested, to the effect, that in considering plaintiff's evidence the jury should bear in mind that he was the plaintiff and interested in the result of the action. Though it was different at common law, under the statute, a plaintiff occupies exactly the same position as any other witness in a given case as to the weight to be given his evidence. The jury, in determining the weight of the testimony of each and all, have the right, and it is their duty, to take into consideration the interest which any witness, whether a party to the record or not, has in the subject matter involved in the litigation, and it is the duty of the court to so instruct.—*Salazar v. Taylor*, 18 Colo. 538; *Stewart v. Kindel*, 15 Colo. 539, 543.

This, however, was done in the case at bar. The jury were told that they must take into consideration the interest of the witnesses in weighing and extending credibility to their testimony. This applied to all witnesses, including the parties to the suit. The practice of singling out witnesses in an instruction, where the credibility of others testifying in the case may also be affected by their interest, has frequently been criticised by the courts. In *Phenix Insurance Co. v. LaPointe*, 118 Ill. 384, 389, the requested instruction, "that the plaintiff, LaPointe, and the mortgagee, Hartman, are both interested in the event of the suit, and that while said interest does not render them incompetent as witnesses, it goes to their credibility as such," was refused, and error assigned thereon. In overruling the assignment, it is said: "The instruction under consideration, if given, would give undue prominence to facts alleged as operating to discredit appellee's witnesses, while it ignored corresponding causes alleged to affect the credibility of witnesses for appellant."

In *Pennsylvania Company v. Versten*, 140 Ill. 637, 642, in passing upon a similar request, it is said:

"The thirteenth (instruction) asked by appellant, to the effect that the jury might take into consideration the plaintiff's interest in the result of the suit, was properly refused, because in directing the jury to apply the test of interest in weighing the testimony, it singled out the plaintiff, whereas the same test was applicable to other witnesses in the case.  *  *  * Under the rules of evidence, in weighing the testimony of witnesses certain tests are properly applied, and if asked to do so in a proper instruction, it is the duty of the court to tell the jury what those tests are. By our statute, interest in the event of a suit, as a. party or otherwise, .does not disqualify a person as a witness, but such interest may be shown for the purpose of affecting his credibility. That test, when applied, must extend to all witnesses alike who are interested, either as parties, agents, or servants of parties, or otherwise."

Some authorities are cited which tend to support the contention of defendant. It appears, however, in each case the success of the plaintiff, upon the vital point in the case, depended solely on the plaintiff's own testimony, and, in most, it is not certain that any instruction covering the question of interest, as affecting the credibility of witnesses, had been given. Not so in the case at bar. Other witnesses testified substantially as did plaintiff, and instruction No. 13 particularly called the attention of the jury to the question of interest as affecting the credibility of witnesses and the weight to be given their testimony. The instruction given is the general one which has been uniformly used and approved in this state, and, under the circumstances of this case, was sufficient.

By instruction No. 3 the jury were advised that if they believed from a preponderance of the evidence, that certain facts and things, (enumerating them, substantially), as set forth in the general allega-

·tions of the complaint, occurred, "and that these condi-·tions were brought about and resulted solely from the negligence of the servants of the company, as charged in the complaint, then and in that event, the plaintiff is entitled to recóver a verdict at your hands for damages for the injuries so sustained."

Two objections are urged against the instruction. It is claimed, that it does 'not confine the jury to a ·consideration of the specific acts of negligence charged and sustained by the evidence, but permits them to consider any and all alleged in the complaint. We think counsel has misconceived the scope of the instruction. It covers only, and thereby confines the jury to a consideration of, the facts and circumstances relating to plaintiff's attempt to board the car and the manner of its starting, and the injury sustained. It is further claimed, that the instruction took away from the jury the determination of the question, whether the act of the defendant in starting the car under the circumstances shown by the evidence, was a negligent act. We are not impressed with defendant's contention, nor are the authorities cited in support thereof in point. Whether or not defendant was guilty of negligence was necessarily a question for the jury, under all the facts of the case. But they were expressly told that before they could find for plaintiff, they must believe from a preponderance of the evidence "that these conditions (enumerated) were brought about, and resulted solely from the negligence of the servants of the company." Not so in the cases cited. In each of those the jurors were advised that if certain things occurred, they should return a verdict for plaintiff, without being required to find, as a condition precedent, that such things resulted solely from the negligence of the defendant.

Defendant contends, that instruction No. 4, as ·to the measure of damages, is erroneous. It is claimed,

that the instruction eliminates the fact that the jury must determine, from a preponderance of the evidence, the amount that should be awarded in compensation for the injury, pain and suffering endured by plaintiff, but left such matter solely to their "enlightened judgment"; and further, that it erroneously characterizes money as an inadequate compensation for such injuries. The jury were told that "the measure of damages in a case of this kind, cannot be accurately measured in money, but the money is the only measurement known to the law in such case." They were then, in effect, told that the amount to be awarded, if they found for the plaintiff, was "left to the enlightened judgment of the jury"; and, that in measuring such damages, they were to consider the age of the plaintiff, his expectancy of life, his physical pain and suffering, the mental anxiety, anguish and distress he had endured, the probability of its continuance, the nature and extent of the injury, as they severally appeared in evidence, and from all those facts and circumstances determine what would amount to a fair compensation to the plaintiff on account of the injuries sustained. The instruction might have been clearer, yet we think it is substantially the same as that approved in *D. C. T. Co. v. Martin,* 44 Colo. 324.

There are other alleged errors argued, which we deem unnecessary to consider. The points discussed and determined herein are the only ones we deem of importance, except one pertaining to alleged improper remarks of counsel in his closing argument to the jury, which will unlikely arise again.

The briefs filed cover approximately 600 pages, cite nearly 400 authorities from foreign jurisdictions, and 56 from this state, or a total of more than 450. Upon this feature of the case we refrain from comment. A statement of the facts alone is sufficient.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GAB-BERT concur.